# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CHRISTOPHER JUSTIN JONES**                                             **PLAINTIFF**

**V.**                          **CASE NO. 1:03CV670**

**UNITED STATES OF AMERICA**                                         **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on the Government's motion to dismiss or, in the alternative for summary judgment [27-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Christopher Justin Jones, a Mississippi resident who was injured in a December 24, 2002 automobile accident allegedly caused by Susan Driver, a rural mail carrier employed by the U.S. Postal Service. Jones claims that Driver, while driving over a bridge, negligently crossed the centerline and collided with his vehicle. Driver, on the other hand, contends that the accident was caused by Jones' negligence, and her position is supported by the testimony of the Government's accident reconstruction expert. Later, on February 9, 2003, Jones was involved in a more serious accident which totaled his vehicle and required him to be transported to the hospital by ambulance. On March 6, 2003, Jones underwent back surgery at the Aurora Spine Center in Tupelo Mississippi, and he underwent additional surgery on April 3, 2003. However, the March 6, 2003 surgery was scheduled prior to Jones' second accident in response to a medical diagnosis performed on February 7, 2003.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

The Government's argument for dismissal does not turn on any facts surrounding the accident itself or even the extent of Jones' injuries. Instead, the Government relies on the fact that the Case Management Order entered by Magistrate Judge Davis on October 14, 2004 required Jones to have designated any expert witnesses by February 1, 2005. After that deadline expired, Jones' attorney filed a motion for an extension of time until April 14, 2005 to designate experts and to complete discovery. That motion was denied by Judge Davis. The Government now argues that because Jones failed to timely designate any expert witnesses to support or corroborate the allegations in his complaint pertaining to causation, he is precluded from relying on any expert testimony at trial. Consequently, the Government continues, Jones will be unable to establish essential elements of his claims at trial. Specifically, the Government argues that Jones will be unable to rebut the testimony of the Government's accident reconstruction expert who will testify that Jones was responsible for the accident and that Jones will be unable to present medical

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

The Government's argument for dismissal does not turn on any facts surrounding the accident itself or even the extent of Jones' injuries. Instead, the Government relies on the fact that the Case Management Order entered by Magistrate Judge Davis on October 14, 2004 required Jones to have designated any expert witnesses by February 1, 2005. After that deadline expired, Jones' attorney filed a motion for an extension of time until April 14, 2005 to designate experts and to complete discovery. That motion was denied by Judge Davis. The Government now argues that because Jones failed to timely designate any expert witnesses to support or corroborate the allegations in his complaint pertaining to causation, he is precluded from relying on any expert testimony at trial. Consequently, the Government continues, Jones will be unable to establish essential elements of his claims at trial. Specifically, the Government argues that Jones will be unable to rebut the testimony of the Government's accident reconstruction expert who will testify that Jones was responsible for the accident and that Jones will be unable to present medical

testimony that his injuries were caused by the accident at issue rather than some other source, such as Jones' second accident.

The Government's first argument is without merit. Regardless of whether the testimony of Susan Driver is bolstered by the Government's accident reconstruction expert, the fact remains that the jury is free to assess the testimony of all witnesses, and a jury might well give credence to Jones' testimony over that of both Driver and the Government's experts. In other words, the disputed issues of fact surrounding liability for the accident preclude summary judgment.

As to the availability of medical expert testimony, the Court notes that Jones did designate his treating physician, Dr. Walter Eckman, as an expert treating physician, in his Rule 26 initial disclosures, although Dr. Eckman is listed only as an expert on future physical disability and future surgeries. The Court is not entirely persuaded that the description of Dr. Eckman's probable testimony excludes the possibility that he can establish liability and proximate cause, and that issue is reserved for trial. The point is moot, however, as the Court concludes that Jones is certainly capable of describing, as a lay person, the fact that his injuries did not manifest until after the collision with Driver. Accordingly, disputed issues of fact preclude summary judgment as to whether Jones' injuries are proximately related to the accident.

Based on the foregoing analysis, the Government's motion for summary judgment [27-1] is DENIED. A separate order to that effect shall issue this day.

This is the 14th day of September, 2005.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**