**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CHRISTOPHER JUSTIN JONES**                                                      **PLAINTIFF**

**V.**                                 **CASE NO. 1:03CV670**

**UNITED STATES OF AMERICA**                                                **DEFENDANT**

**ORDER**

This cause comes before the Court on separate motions in limine submitted by both the plaintiff and the Government in the above-styled case. For the reasons outlined below, the Court grants the Government's motion in limine [38-1] and denies the plaintiff's motion [40-1].

The plaintiff is Christopher Justin Jones, a Mississippi resident who was injured in a December 24, 2002 automobile accident allegedly caused by Susan Driver, a rural mail carrier employed by the U.S. Postal Service. Jones claims that Driver, while driving over a bridge, negligently crossed the centerline and collided with his vehicle. Driver, on the other hand, contends that the accident was caused by Jones' negligence, and her position is expected to be supported by the testimony of the Government's accident reconstruction expert

The Government's motion in limine seeks to bar Jones from presenting evidence at trial concerning allegations that Driver had a substance abuse problem and that her husband had previously attempted to have her committed to a mental institution. Although Driver has apparently admitted to a substance abuse problem in deposition testimony, there is no evidence whatsoever that she was intoxicated or otherwise impaired due to her addiction at the time of the accident. In fact, the police accident report appears to refute the possibility that she might have been so impaired. Accordingly, the Court finds that, pursuant to F.R.E. 403 the probative value of this evidence is

outweighed by the danger of unfair prejudice to the defense. The Government's motion in limine is therefore **GRANTED**.

Jones' motion in limine seeks to exclude the testimony of Brady McMillen, the accident reconstruction expert retained by the Government in this case. Jones argues that McMillen's testimony should be excluded on the following grounds: (1) McMillen is not qualified to render an opinion in the field of accident reconstruction, (2) his opinions are not based on sufficient facts pursuant to Rule 702, (3) his opinions are not based on reliable principles or methods, and (4) his opinions are not the product of reliable principles applied to sufficient facts. Jones offers no factual basis for his attack on McMillen's likely testimony, nor does he cite any authority other than the general parameters of F.R.E. 702. Accordingly, this motion is **DENIED**. Naturally, Jones remains free to challenge McMillen's credentials and assumptions prior to the Court allowing him to testify as to his opinions before the jury, but the Court perceives no basis for a blanket exclusion of McMillen's testimony.

This is the 14th day of September, 2005.

                                                **/s/ Michael P. Mills**
                                                **UNITED STATES DISTRICT JUDGE**