# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CHRISTOPHER JUSTIN JONES**                                                        **PLAINTIFF**

**V.**                                       **CASE NO. 1:03CV670**

**UNITED STATES OF AMERICA**                                                 **DEFENDANT**

## ORDER

This cause comes before the Court on the Plaintiff's Motion to Alter or Amend Judgment or For New Trial [65-1]. On September 19, 2005, this Court conducted a bench trial in the above-styled case which arose from a traffic accident between the plaintiff, Christopher Justin Jones, and Susan Driver, a rural mail carrier employed by the U.S. Postal Service. On September 30, 2005, the Court entered an order of final judgment and a memorandum opinion outlining its findings of fact and conclusions of law. Specifically, the Court found, inter alia, that the bridge where the accident occurred was wide enough to encompass two lanes of traffic and that at the time of the accident, Driver was completely in her lane while Jones was driving down the middle of the bridge.

Although Jones does not identify the statutory basis for the instant motion, the Court interprets it to include a motion to alter or amend the judgment under Rule 59(e) and a motion for a new trial under Rule 59(a). As the Fifth Circuit has noted:

> Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.

Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)(quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)).

Jones has failed to identify any manifest error in the Court's findings of fact, and he has likewise failed to articulate any theory of recovery or factual dispute which was not considered at the bench trial and resolved against him by the Court.  Accordingly, the Court finds that Jones' motion is not well-taken and should be DENIED.

This is the 9th day of March, 2006.

     /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**